## AIMEE BRUSLE, Wife of Edward Gottschalk, *v.* M. THOMAS.

*It is not necessary for the assignee of a claim to affix her signature to the act of assignment and subrogation; the institution of a suit upon the act is a sufficient acceptance of it.*

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Train* and *Goold*, for plaintiff. *Bermudez*, for defendant. By the court:

ROST, J. This is a suit by the assignee of *Chatau*, a house builder, for the balance due on a house, built by him, for the defendant.

The defence is, that the building was erected by contract, and that the price agreed upon has been more than paid. The district judge was not satisfied with the evidence adduced to prove the contract, and gave judgment in favor of the plantiff on the *quantum meruit*. The defendant has appealed.

If, as alleged by the counsel for the appellant, there was a contract in writing, which *Chatau* obtained from the defendant, and afterwards fraudulently refused to return, this should have been alleged and proved, and *Chatau* might then have been compelled to produce it; but, on the pleadings and evidence, the district judge correctly held, that no building contract had been proved.

It is objected by the appellant, that the plaintiff is not properly subrogated to the rights of *Chatau*, because the act of subrogation was not signed by her; her signature was not necessary to the validity of the act, and the institution of this suit is a sufficient acceptance of it.

Much of the evidence adduced to prove the value of the building, consists of the probable estimates of witnesses who had no means of knowledge, and is of no value. *Pierre Bounet*, however, an old and experienced builder, states that he has examined the property in all its details, and has made estimates, the result of which is, that the value of the entire building, as it stands, is from $4000 to $4500. He also derives his knowledge from having put up similar buildings. It does not appear that the witness was cross-examined, by the defendant, in relation to his estimates. His testimony stands unimpeached; there is nothing to show that better evidence could have been procured by the plaintiff. Under that state of facts, the district judge assumed the value of the building to be $4010, and gave judgment for the balance due on that valuation. We are unable to say that he erred.

Judgment affirmed, with costs.